### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FATHER JESUS** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 1:22cv103-HSO-RHWR |
| | § | |
| **WLOX BROADCASTING COMPANY** | § | **DEFENDANT** |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Having considered the record and relevant legal authority, the Court is of the opinion that this matter should be dismissed without prejudice.

### I. BACKGROUND

On June 3, 2021, Plaintiff Father Jesus ("Plaintiff") filed a Complaint against Defendant WLOX Television in the Circuit Court of Harrison County, Mississippi, First Judicial District. Plaintiff filed an Amended Complaint on July 13, 2021. *See* Ex. A-6 [1-1] at 15 (state court docket sheet). On July 23, 2021, WLOX Television removed the case to this Court, and the Clerk opened a case bearing civil action number 1:21cv251-TBM-RPM. *See id.*; Ex. B [1-2] at 1-2. On February 8, 2022, the Court dismissed the case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and respond to a Court Order. *See* Ex. B [1-2] at 2; *see also Jesus v. WLOX Television*, No. 1:21cv251-TBM-RPM, Order [8] at 2 (S.D. Miss. Feb. 8, 2022).

Over two months later, on April 13, 2022, and despite the previous dismissal of the case, Plaintiff returned to state court and filed a Second Amended Complaint, styled as a "First [sic] Amended Complaint," against Defendant WLOX Broadcasting Company ("Defendant") in the same closed state court case. Ex. A-5 [1-1] at 11. On April 25, 2022, Defendant filed a Second Notice of Removal [1] of the now-closed state court case, which prompted the Clerk to open a new civil action in this Court. However, the cases are one and the same. In the new Notice of Removal [1], Defendant asserts that the Court possesses diversity and federal question jurisdiction as well as jurisdiction to enforce its prior orders. *See* Notice [1] at 4-5.

## II.   ANALYSIS

"Once a notice of removal is filed, 'the State court shall proceed no further unless and until the case is remanded.'" *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696, 700 (2020) (quoting 28 U. S. C. § 1446(d)). Upon the filing of a notice of removal to federal court, "[t]he state court loses all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings . . . are not simply erroneous, but absolutely void." *Id.* (quotation omitted).

Defendant initially removed the state court case to this Court on July 23, 2021, *see* Ex. [1-1] at 8-10, and this Court did not remand it to state court but dismissed it, *see* Ex. [1-2] at 1-2; *Jesus v. WLOX Television*, No. 1:21cv251-TBM-RPM, Order [8] at 2 (S.D. Miss. Feb. 8, 2022). Because the case was not remanded,

2

the state court could proceed no further in the action, *see* 28 U.S.C. § 1446(d), and because the state court lost all jurisdiction when the case was first removed, it never regained jurisdiction, *see Roman Cath. Archdiocese of San Juan, Puerto Rico*, 140 S.Ct. at 700. Thus, the Second Amended Complaint filed in state court on April 13, 2022, was void and of no legal effect. *See id.* As a result, there was nothing for Defendant to remove to this Court. *See id.*; *see also, e.g., Oviedo v. Hallbauer*, 655 F.3d 419, 423 (5th Cir. 2011) ("There is simply no support in our precedent for the government's position that a case may be removed to federal court after the state courts' jurisdiction has wholly expired.").

Moreover, with no valid pleading, there is no actual case or controversy before this Court as required by Article III. *See* U.S. Const. art. III, § 2. "This court's jurisdiction requires a live case or controversy at all stages of litigation," and "federal courts lack jurisdiction when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020) (quotation omitted). "A live case or controversy is necessary to invoke federal jurisdiction." *United States v. Vega*, 960 F.3d 669, 673 (5th Cir. 2020). Because the pleading before the Court is of no legal effect and because it would therefore be impossible for the Court to grant any effectual relief, there is no live case or controversy to adjudicate, and dismissal without prejudice is warranted. *See id.*; *Roman Cath. Archdiocese of San Juan, Puerto Rico*, 140 S.Ct.

at 700.[1]

Defendant contends that this Court has ancillary jurisdiction to enforce its prior order of dismissal.  *See* Notice [1] at 5; *see also Jesus v. WLOX Television*, No. 1:21cv251-TBM-RPM, Order [8] at 2 (S.D. Miss. Feb. 8, 2022).  However, when the Court dismissed the earlier federal action, it relinquished jurisdiction over the case.  *See, e.g., Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 453-54 (5th Cir. 2022).  Although a court generally retains ancillary enforcement jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees, "[t]he court's enforcement authority extends to collateral issues, things like fees, costs, contempt, and sanctions."  *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 416 (5th Cir. 2018).

Even if the Court could exercise ancillary enforcement jurisdiction based upon the Order of dismissal in the other action, no such collateral issues are before the Court, nor has any party asked the Court to enforce its prior dismissal order.  *See id.*  Instead, Defendant ostensibly asks the Court to assume jurisdiction over a void Second Amended Complaint that was filed in a closed state court case.  *See* Notice [1]; *see also Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. at 700.  As the Court has explained, it cannot do so.

---

[1] If Plaintiff's desire is to ask this Court to reconsider the prior Order of dismissal or otherwise reopen the prior federal case, he should seek such relief in that proceeding, civil action number 1:21cv251-TBM-RPM.  The Court here does not speak to the propriety or merits of any such future request.

III. <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of May, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE